LOCKE LORD LLP
Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
Susan J. Welde (SBN: 205401)
swelde@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: (213) 485-1500
Facsimile: (213) 485-1200

Attorneys for Defendant
CITIMORTGAGE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CHAPMAN, | CASE NO. SACV13-614 DOC (ANx) |
| Plaintiff, | Hon. David O. Carter |
| v. | **DEFENDANT CITIMORTGAGE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |
| CITIMORTGAGE, INC., and DOES 1 – 100, inclusive, | |
| . | Date: June 3, 2013<br>Time: 8:30 a.m.<br>COURTROOM: 9D |
| | Action Filed: March 22, 2013<br>Removed: April 17, 2013 |

Defendant CitiMortgage, Inc. ("Citi") files this Reply in Support of its Motion to Dismiss the Complaint filed by Plaintiff Michael Chapman ("Plaintiff"):

1

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant CitiMortgage, Inc. ("Citi") hereby submits the following Memorandum of Points and Authorities in support of its motion to dismiss the Complaint filed by Plaintiff Michael Chapman ("Plaintiff").

## I. INTRODUCTION

Plaintiff's opposition ignores the fact that Plaintiff has **no ripe claim** against Citi. Plaintiff's Section 2923.6 claim and derivative UCL claim are based solely on the <u>potential</u> for wrongdoing in connection with the handling of Plaintiff's most recent request for a loan modification, submitted to Citi on the **same day** this complaint was filed. (Complaint, 52). Plaintiff cannot pursue claims against Citi for prospective wrongdoing in connection with the handling of his modification request. A mere request for a loan modification is not sufficient under Section 2923.6 to create a cause of action. Plaintiff must demonstrate that Citi actually violated the requirements of that statute which Plaintiff's Complaint cannot do where, as here, Plaintiff filed this action before awaiting Citi's response to his loan modification request. Such "preventative" litigation is not proper and is merely a bad faith stalling tactic. Because Plaintiff's Section 2923.6 claim is not ripe, his derivative UCL claim also fails.

The remainder of Plaintiff's claims, for accounting and negligence, relate to alleged conduct by Citi that was expressly raised in Plaintiff's prior lawsuit, dismissed with prejudice in September 2012, less than seven months ago and are thus barred by the doctrine of *res judicata*. (RJN, Ex. B). In addition, Plaintiff cannot satisfy the elements of either claim and his opposition adds nothing to his inadequate allegations.

The Court should thus dismiss the lawsuit without leave to amend, as this action represents nothing more than another attempt by Plaintiff to delay lawful foreclosure.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## II. ARGUMENT

### A. Plaintiff Fails To State A Viable Claim For Violation of Civil Code Section 2923.6 (Count One)

Under Section 2923.6, a violation only exists if, after a borrower submits an application for a loan modification, the lender records a notice of default or notice of sale or conducts a trustee's sale while the loan modification application is pending. Cal. Civil Code § 2923.6 (c). Plaintiff has not alleged that Citi did any of these acts in response to Plaintiff's March 22, 2013 renewed request for a loan modification. Nor could he allege as much, as the Complaint was filed that same day. (Complaint, 52). Rather, Plaintiff's opposition advises that "discovery" will uncover factual support for this claim. Opposition, p. 10:9-12. Plaintiff cannot rely on potential future harm to create a viable cause of action. *See Ariz. Christian Sch. Tuition Org. v. Winn,* 131 S. Ct. 1436, 1449 (2011) ("In an era of frequent litigation, class actions, sweeping injunctions with prospective effect, and continuing jurisdiction to enforce judicial remedies, courts must be more careful to insist on the formal rules of standing, not less so").

Accordingly, there is no basis to allege that Citi has violated Section 2923.6 and, due to the simultaneous submission of Plaintiff's loan request with the filing of this action, any claim under Section 2923.6 is premature on its face and has no effect other than forcing Citi to incur the time and expense to defend this unwarranted action.

Furthermore, Section 2923.6 expressly forbids repeated requests for loan modifications, unless such requests are supported with documentation that the borrower has had a material change in financial circumstances since the time of the last request.

As noted in the moving papers, Plaintiff's Complaint fails to demonstrate that he provided Citi with documentation of a "change in financial circumstances".

Although the Complaint alleges that such documentation was provided to Citi, the supporting exhibit attached by Plaintiff to the Complaint demonstrates that no such documentation was provided. (Complaint, Ex. B). Rather, Plaintiff merely issued a letter to Citi stating that he had a decrease in income, but provides no explanation as to how this decrease varies from the decrease he purportedly sustained in 2012 and more importantly, lacks the documentation **expressly required** under Section 2923.6. And, although Plaintiff's opposition papers state that Plaintiff has recently incurred additional financial obligations, the opposition fails to supply the conspicuously absent documentation of the alleged change in financial circumstances or demonstrate that it was actually provided to Citi.

Citi is entitled to rely on the documents attached to Plaintiff's Complaint for purposes of a Motion to Dismiss and, to the extent those documents indicate a failure to substantiate a claim, the documents outweigh any allegations to the contrary. Material properly submitted with the complaint may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.* (9th Cir. 1990) 896 F2d 1542, 1555; *Paulemon v. Tobin* (2nd Cir. 1994) 30 F3d 307, 308–309; *In re Colonial Mortg. Bankers Corp.* (1st Cir. 2003) 324 F3d 12, 16; *Kaufman & Broad–South Bay v. Unisys Corp.* (N.D. Cal. 1993) 822 F.Supp. 1468, 1472.

Plaintiffs may plead themselves out of court by attaching exhibits inconsistent with their claims: "(W)hen a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations*." *Thompson v. Illinois Dept. of Prof. Reg.* (7th Cir. 2002) 300 F3d 750, 754 (emphasis in original; internal quotes omitted); *United States ex rel. Riley v. St. Luke's Episcopal Hosp.* (5th Cir. 2004) 355 F3d 370, 377; *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F3d 979, 988.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
*Michael Chapman v. CitiMortgage, Inc., et al.*, Case No. SACV13-614 DOC (ANx)

For these reasons, Plaintiff has no basis to allege any violation of Section 2923.6 and this claim should be dismissed as a bad faith, futile attempt to further stall the foreclosure process.

### B. Plaintiff Fails To State A Viable UCL Claim (Count Two)

As noted in the moving papers, to establish a UCL violation, Plaintiff must allege facts sufficient to show a violation of some underlying law. *People v. McKale,* 25 Cal. 3d 626, 635 (1979); *Krantz v. BT Visual Images, LLC,* 89 Cal. App. 4th 164, 178 (2001) (violation of "unlawful" prong requires underlying violation of law); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F. Supp. 2d 1177, 1190-91 (N.D. Cal. 2009). Here, Plaintiff cannot allege any underlying violation of law by Citi. As noted above, there is no basis for Plaintiff's claim for violation of Section 2923.6 and Plaintiff has not indicated any other statutory violations. Accordingly, Plaintiff cannot satisfy the "unlawful prong" required to state a claim for a UCL violation.

In addition, a valid UCL claim requires that Plaintiff must have suffered an injury in fact and lost money or property as a result of [the] alleged unfair or fraudulent practices. *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-01390, 2011 WL 311376, *7 (N.D. Cal. Jan. 28, 2011) (citing Cal. Bus. & Prof. Code § 17204; *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 788 (2010). "That causal connection is broken when a complaining party would suffer the same harm whether or not a defendant complied with the law." *Daro v. Super. Ct.*, 151 Cal. App. 4th 1079, 1099 (2007); *see also Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1348-49 (2009). Here, the prospect of foreclosure is the result of Plaintiff's admitted default on his mortgage (Compl. at ¶ 41), not any unlawful, unfair, or fraudulent conduct by Citi. Thus, Plaintiff lacks standing to bring a UCL claim.

### C. Plaintiff's Negligence Claim (Count Three) Fails

As set forth in the moving papers, Plaintiff's negligence claim is brought on the exact same facts as those set forth in his prior, dismissed action. Although Plaintiff's

opposition claims that his new request for a loan modification constitutes a new basis for relief, there is no merit to such an assertion where, as discussed above, the new loan modification request was submitted concurrently with this action and thus Plaintiff's Complaint could not possibly have been based on any new actionable conduct by Citi. Nor can Plaintiff have suffered any damages arising from Citi's response to a modification request <u>the day it was submitted</u>. Plaintiff thus cannot establish a breach of any duty or any causal effect for his alleged damages in connection with his most recent modification request.

Although Plaintiff's opposition provides a list of alleged wrongdoing in connection with the newest loan modification request, such unfounded allegations are belied by the timing of the Complaint. Specifically, Plaintiff's opposition states that Citi violated its duties to him by failing to implement loss mitigation requirements, failing to properly evaluate Plaintiff, and foreclosing on the subject property. (Opposition, p. 13:15-25). However, these allegations are based entirely on prior modification requests by Plaintiff, and have already been rejected by this Court when it dismissed Plaintiff's prior action. Accordingly, Plaintiff's attempts to revive these same claims are barred by the doctrine of *res judicata*.

Plaintiff's negligence claim also fails because Citi owes him no duty as a matter of law. Ignoring the vast authority on this point, Plaintiff's opposition argues Citi created a special relationship invoking a duty of care by "purportedly undertaking the task of a loan modification review" and that Citi "assumed a duty to competently administer the application process". (Opposition, pp. 13:26-27-14:1).

Plaintiff raised this exact same argument in his prior action, and it should be rejected again, because the weight of authority is against Plaintiff's argument. Courts have consistently held that a bank's discussion of a loan modification with its customer falls within the conventional lending role and does not create a special relationship or invoke any duties by the lender . *See, e.g., Gonzalez v. Wells Fargo*

6

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
*Michael Chapman v. CitiMortgage, Inc., et al.*, Case No. SACV13-614 DOC (ANx)

*Bank, N.A.,* No. 5:12-CV-03842-EJD, 2012 WL 5350035, *6 (N.D. Cal. Oct. 29, 2012) (dismissing negligence claim for lack of duty; "A loan modification, which is nothing more than a renegotiation of loan terms, falls well within a[n] institution's conventional money-lending role."); *Settle v. World Sav. Bank, F.S.B.,* No. ED CV 11-00800 MMM, 2012 WL 1026103 (C.D. Cal. Jan. 11, 2012) ("Numerous cases have characterized a loan modification as a traditional money lending activity."); *Johnston v. Ally Fin., Inc.,* No. 11-CV-0998-H BLM, 2011 3241850 (S.D. Cal. July 29, 2011) ("In addition, loan modification is an activity that is intimately tied to Defendant's lending role."). "The minority of cases which hold otherwise, such as *Ansanelli v. JP Morgan Chase Bank, N.A.* [… cited by Plaintiff], are unpersuasive." *Armstrong v. Chevy Chase Bank, FSB,* No. 5:11-CV-05664-EJD, 2012 WL 4747165, *4 (N.D. Cal. Oct. 03, 2012).

Plaintiff also improperly cites to the recent *Jolley* decision, erroneously stating that a duty was found to exist in the lending context. (Opp., p. 10:4-6). The *Jolley* decision expressly held there was "no fiduciary relationship" between the borrower and the lender. *Jolley*, at 41. Accordingly, the *Jolley* decision provides no support for Plaintiff's negligence claim and instead suggests that no such claim can be brought due to the lack of a fiduciary relationship between borrowers and lenders.

Finally, Plaintiff fails to satisfy the causation element of his negligence claim. Even assuming there were a breach of any duty by Citi, there is no valid claim unless the breach actually caused injury. As noted above, Plaintiff's injuries are based on his failure to pay his mortgage. He has already sought relief by attempting to force Citi to grant him a loan modification, and lost. Accordingly, Plaintiff must identify some new injury that was caused by Citi's breach of a legal duty. Plaintiff fails to address this point in his opposition and points to no new injury from the new modification request he submitted when he filed this action.

7

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
*Michael Chapman v. CitiMortgage, Inc., et al.*, Case No. SACV13-614 DOC (ANx)

Plaintiff has not and cannot plead facts that state a claim based on Citi's alleged failure to give Plaintiff a loan modification. Plaintiff's negligence claim therefore fails and should be dismissed with prejudice.

### D. Plaintiff Fails To State A Claim For Accounting

As noted in the moving papers, the Complaint does not allege any of the necessary elements to seek an accounting. The Complaint fails to allege the existence of the required fiduciary relationship between Plaintiff and Citi as required for an accounting. Ignoring this requirement, Plaintiff argues that no such fiduciary relationship is required. Opposition, p. 14:20-23, citing *Teselle v. McLoughlin* (2009) 173 Cal. App. 4th 156, 179. However, the *Teselle* opinion does not negate the requirement of a fiduciary duty. Rather, the *Teselle* case merely states that a plaintiff must establish a relationship that "warrants an accounting". *Teselle*, at 1979. Accordingly, there is no basis to argue that *Teselle* overrides the case law requiring a fiduciary relationship in the mortgage lending context. *Nguyen v. LaSalle Bank Nat. Ass'n*, No. SACV 09-0881-DOC (SSx), 2009 WL 3297269, at *11 (C.D.Cal. Oct. 13, 2009); *Maguca v. Aurora Loan Services*, No. SACV 09-1086 JVS (ANx), 2009 WL 3467750, at *5 (C.D. Cal. Oct. 28, 2009); *Marks v. Ocwen Loan Svcg.*, No. 07-2133, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009) ; *Moreno v. Citibank, N.A*, No. C 09-5339 CW, 2010 WL 1038222, at *3 (N.D. Cal. March 19, 2010); *Oaks Management Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006).

In fact, the court in *Lopez v. Washington Mut. Bank, F.A.*, No. 1:09-CV-1838 AWI JLT, 2010 WL 1558938, at *11 (E.D.Cal. April 19, 2010) actually cites to the *Teselle* opinion in denying a request for an accounting in the banking context. ("A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting.") (quoting *Teselle v. McLoughlin,* 92 Cal.Rptr.3d 696 (2009)).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS
*Michael Chapman v. CitiMortgage, Inc., et al.*, Case No. SACV13-614 DOC (ANx)

Given the nature of Plaintiff's allegations, this case clearly involves nothing more than an arms-length loan transaction that, as a matter of law, cannot give rise to a fiduciary relationship between Plaintiff and Citi. Further, Plaintiff alleges absolutely no facts suggesting that Citi has or had a fiduciary relationship with him. Because a fiduciary relationship is a necessary element to seeking an accounting, the Court should dismiss Plaintiff's claim.

In addition, the Court should dismiss the claim for an accounting because the amounts allegedly owed can be determined without an accounting. *See Nguyen*, 2009 WL 3297269, at *11; *Lopez v. Washington Mut. Bank, F.A.*, No. 1:09-CV-1838 AWI JLT, 2010 WL 1558938, at *11 (E.D.Cal. April 19, 2010). Any payments made by Plaintiff and the amount owed by Plaintiff under the Note is not at issue. The opposition is silent on this point and contains no argument that an accounting is even warranted under the subject circumstances.

Finally, Plaintiff cannot plead entitlement to damages under another cause of action. As discussed in this Motion, each and every claim asserted in the Complaint fails and should be dismissed. Without any viable claim, Plaintiff's claim for an "accounting" must also be dismissed. *See Nguyen*, 2009 WL 3297269, at *11.

## III. CONCLUSION

For the foregoing reasons, Citi respectfully requests that the Court grant this Motion to Dismiss and dismiss Plaintiff's Complaint against Citi. Further, because Plaintiff's pleading defects cannot be resolved by re-pleading, the claims should be dismissed with prejudice and without opportunity to re-plead.

Dated:  May 20, 2013

Respectfully submitted,

LOCKE LORD LLP

By:  */s/ Susan J. Welde*
        Nina Huerta
        Susan Welde
Attorneys for Defendant
CITIMORTGAGE, INC.